861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The MONARCH INSURANCE COMPANY OF OHIO, Plaintiff-Appellee,
v.
Donald M. PRINCE, d/b/a Paramount Insurance Services, Inc.;
Roger D. Prince, d/b/a Bill Prince Farms;
Cockfield, Kensey, d/b/a Ken-Rich
Aviation, Defendants-Appellants,
and
The Pee Dee State Bank, Defendant.
 No. 87-2122.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: Oct. 6, 1988.
 
 Carter T. Lambeth (Johnson & Lambeth, on brief), for appellants.
 Hugh C. Griffin (Michael J. Athans; Samuel W. Wethern; Lord, Bissell & Brook, on brief), for appellees.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge
 PER CURIAM:
 
 
 1
 This declaratory judgment action was brought by the insurance company against Donald and Roger Prince seeking a declaration that the insurance company was not liable upon a policy of insurance issued to the defendants upon an aircraft. The aircraft was destroyed in a taxiing accident on the ground. The insurance policy provided hull insurance, but the insurance company contends it provided no coverage because of a material misrepresentation in the application. The questions of misrepresentation and materiality were submitted to a jury which brought in a verdict for the insurance company. The defendants appealed, contending that they were entitled to judgment as a matter of law and that the issue should not have been submitted to a jury.
 
 
 2
 We affirm.
 
 I.
 
 3
 In 1984 Roger Prince purchased a Piper Seneca airplane. He procured insurance coverage for it under a previously existing policy issued by Monarch in the name of "Roger Prince d/b/a Bill Prince Farms." That policy was cancelled on October 2, 1985 for nonpayment of premiums. Roger Prince testified that he thought he had made an agreement to sell the aircraft and, for that reason, let the premiums go into default.
 
 
 4
 A few weeks after the policy's cancellation, Roger Prince sold a one-half interest in the aircraft to his brother, Donald Prince. Donald undertook to effect insurance coverage on the airplane, and, for that purpose, contacted his insurance agent. The agent prepared an insurance application and submitted it to Donald, who made some corrections and signed the application. It was then signed by Roger, who returned it to the agent. The agent, in turn, submitted it to Monarch Insurance Company. In due course, Monarch issued a policy to "Don Prince & Roger Prince" covering the airplane.
 
 
 5
 On the application, the applicants were asked whether "any company or underwriter at any time ... cancelled or refused to renew insurance ..." on the aircraft. On the application, the question was answered "no." In the jury trial, Monarch contended that the answer to the question was a material misrepresentation that relieved it of liability under the policy.
 
 
 6
 That defense was upheld by the jury.
 
 II.
 
 7
 The question of the materiality of the misrepresentation turned principally upon what the insurance company knew or should have known about the earlier insurance coverage and its cancellation of the earlier policy.
 
 
 8
 The insurance company had treated the earlier policy as having been issued to the business known as "Bill Prince Farms." It was in that name that its indices would direct a searcher to the proper file. The new policy was indexed under the surname of the brothers "Prince." There was substantial testimony that, on basis of the new application, a reasonable and proper search would not have uncovered or disclosed the existence of the earlier insurance policy. Hence, the insurer contended before the jury that, when it issued the new policy, it did not know of the existence of the earlier policy, and that it should not be found that it should have known of the existence of the earlier policy. Apparently, the jury agreed.
 
 III.
 
 9
 At trial, the defendants made no motion for a directed verdict or for judgment notwithstanding the verdict. On appeal, however, they contend that "as a matter of law" it should be held that the insurer knew, or should have known, of the earlier insurance policy.
 
 
 10
 We think the issues were properly before the jury and were fairly submitted.
 
 
 11
 AFFIRMED.